UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cr-157-MOC-1

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **Vs.** | ) | ORDER |
| | ) | |
| | ) | |
| **NICKI PARKER,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 41). Defendant is currently incarcerated at FCI-Edgefield in Edgefield, South Carolina. The Government has responded in opposition to the motion.

### I.   BACKGROUND

On June 20, 2019, Defendant pled guilty in this Court to two counts of possession with intent to distribute five (5) grams or more of methamphetamine (actual), all in violation of 21 U.S.C. § 841, ranging from separate instances. Defendant trafficked over 68 grams of actual methamphetamine and scored at Base Offense Level 27, Category III, with a guideline range of 87 to 108 months. See PSR (Doc. No. 34). Defendant committed the instant offense while under an active criminal justice sentence. Id.

On November 26, 2019, this Court sentence Defendant below the guidelines range to 57-months prison, with 3-years supervised release. On June 12, 2020, Defendant petitioned the FCI-Edgefield Warden for compassionate release. Per the United States Bureau of Prisons

1

(BOP), the institutional review is ongoing and, as of the date of the filing of the Government's response, a final determination has not been made.

Defendant filed the pending motion on July 15, 2020, asking the Court to reduce his sentence to time served or for home confinement. See (Doc. No. 41). When filing the motion, Defendant had over 11 months remaining in his total sentence, and he had served approximately 53% of his sentence. Defendant's projected release date is July 6, 2021. In his motion, Defendant argues that his medical conditions constitute extraordinary circumstances justifying granting him compassionate release. (Id.).

## II. DISCUSSION

The Court denies Defendant's request for a sentence reduction because he has not demonstrated "extraordinary and compelling reasons" warranting release. Under the relevant provision of Section 3582(c), a court can grant a sentence reduction only if it determines that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" to include, as relevant here, certain specified categories of medical conditions. U.S.S.G. § 1B1.13, cmt. n.1(A). To state a cognizable basis for a sentence reduction based on a medical condition, a defendant first must establish that his condition falls within one of the categories listed in the policy statement. Those categories include, as particularly relevant here, (i) any terminal illness, and (ii) any "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. 1B1.13, cmt. n.1(A). If a defendant's medical condition does not fall within one of the categories

Case 3:19-cr-00157-MOC-DCK   Document 46   Filed 09/11/20   Page 2 of 5

specified in the application note (and no other part of the application note applies), his motion must be denied.

The mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, does not fall into either of those categories and therefore could not alone provide a basis for a sentence reduction. The categories encompass specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

That does not mean, however, that COVID-19 is irrelevant to a court's analysis of a motion under Section 3582(c)(1)(A). If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons." Under these circumstances, a chronic condition (i.e., one "from which [the defendant] is not expected to recover") reasonably may be found to be "serious" and to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I). In particular, while COVID-19 may affect whether an inmate can show "extraordinary and compelling reasons" warranting compassionate release under 18 U.S.C. § 3582(c)(1)(A), to make such a showing, a defendant must show that he or she has a condition or characteristic that is a cognizable basis for compassionate release under the current criteria, that that condition or characteristic elevates the inmate's risk of becoming seriously ill from COVID-19 under the CDC guidelines, and that the defendant is more likely to

contract COVID-19 in his or her particular institution than if released. See United States v. Feiling, No. 3:19cr112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (collecting cases).

Defendant does not qualify for relief based on extraordinary or compelling circumstances. Defendant, age 32 and otherwise healthy inmate, asserts he has respiratory concerns, with a prior history of Asthma and respiratory ailments.[1] Defendant has not provided documentation of any current, chronic respiratory condition or similar infirmity. In Defendant's most recent medical examination, February 24, 2020, he denied any respiratory ailments. Furthermore, BOP medical records reflect the Defendant's pulmonary/respiratory system is operating within normal limits. Defendant fails to establish that he is more likely to contract COVID-19 while incarcerated at FCI Edgefield due to his health status.

There is no evidence that Defendant's ability "to provide self-care within the environment of a correctional facility" has been "substantially diminished" within the meaning of USSG 1B1.13, cmt. n.1 (A). Furthermore, Defendant has not provided the Court with sufficient information about whether his proposed release plans would have any effect (increase or decrease) on his chances of contracting COVID-19 if he were to be released. As a result, even if there were an outbreak at FCI Edgefield in the future, the lack of a detailed plan makes it impossible to determine whether Defendant is more likely to contract COVID-19 if released and/or cause others to contract COVID-19 if he is released. See Feiling, 2020 WL 1821457, at *8. Thus, he has failed to establish extraordinary and compelling reasons in support of his motion for compassionate release.

---

[1] The medical records indicate that Defendant was last hospitalized in 1994 for asthma, PNS, and bronchitis. (Doc. No. 45-1 at 16). The Government notes that Defendant does not demonstrate recent breathing problems or hepatitis.

4

Lastly, Defendant's motion is denied because he must show his circumstances are extraordinary and compelling in light of the factors set forth in 18 U.S.C. § 3353(a) and that he is not a danger to the safety of any other person or the community. Defendant has not and cannot make such a showing. Defendant has a lengthy criminal record, and his sentence appropriately holds him accountable for his recidivist history. As referenced above, Defendant pled guilty to trafficking bulk actual methamphetamine narcotics, on multiple dates. Furthermore, his recent Federal criminal infraction (Count 1 – 02/06/2018), occurred less than four months after his prior drug trafficking conviction (10/23/2017). See (Doc No. 34: PSR). Even more troubling, Defendant—with a previous drug trafficking conviction—returned to his same criminal method of operation, while under a criminal justice sentence. In light of Defendant's record and the totality of relevant circumstances, this Court will, therefore, alternatively deny the motion for a sentence reduction under the Section 3553(a) factors.

Having thus considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 41), is **DENIED**.

Signed: September 11, 2020

Max O. Cogburn Jr
United States District Judge